**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>PABLO VELASCO HERNANDEZ, AKA Pablo Hernandez,<br><br>        Defendant-Appellant. | No.   21-50016<br><br>D.C. No.<br>2:15-cr-00662-ODW-5<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 14, 2022**
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,*** District Judge.

Defendant Pablo Hernandez appeals his 87-month prison sentence arising

---

    \*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

from his guilty plea to a racketeering conspiracy charge, 18 U.S.C. § 1962(d). As the parties are familiar with the facts, we do not recount them here. Reviewing the district court's intended loss calculation for clear error, *United States v. Tulaner*, 512 F.3d 576, 578 (9th Cir. 2008), and Hernandez's unpreserved procedural objections to the district court's sentencing decision for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we affirm.

     1. Hernandez contends that the district court was required to find intended loss by clear and convincing evidence because the enhancement had an "extremely disproportionate" effect on his sentence (adding sixteen points to his offense level). We have previously ruled that the clear and convincing evidence standard applies, as a matter of due process, "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction." *United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015). But where an enhancement is based upon the extent of a conspiracy of which the defendant was already convicted (as opposed to uncharged or acquitted conduct), the preponderance standard is sufficient. *See United States v. Armstead*, 552 F.3d 769, 777 (9th Cir. 2008); *United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008).

     Hernandez has been convicted of a conspiracy to launder money derived from narcotics trafficking. The loss enhancement in this case simply reflects the extent of the crime of conviction (the amount of money Hernandez conspired to

launder). Thus, despite the magnitude of the enhancement, preponderance of the evidence was the appropriate standard of proof. *See Garro*, 517 F.3d at 1167-69 (finding no error in the use of the preponderance standard, despite a sixteen-point increase in defendant's offense level); *Hymas*, 780 F.3d at 1290-91 (affirming the preponderance standard, despite a ten-point increase).

    2. The district court did not clearly err in finding by a preponderance of the evidence that Hernandez intended a $2 million loss. Hernandez has confirmed, through the plea agreement, that on August 23, 2012, he "told [a government informant] that [he and co-defendant Emilio Herrera] had already tried to launder money with an account at Saigon National Bank but that that [sic] the account had been closed." There is also documentary evidence that a company called Credes Financial Services ("Credes") opened an account at that bank in late July 2011 and closed it after roughly $2 million were deposited, and that the owners of this company were Hernandez's clients. Given these facts, the district court could reasonably infer that the Saigon National Bank account referenced in Hernandez's admission was the Credes account.

    Hernandez's arguments to the contrary are unpersuasive. First, he argues that his recorded statement about having "tried" to launder money with co-defendant Bill Lu was, by its plain terms, referring to an attempt that occurred after the Credes account was already closed. But the full statement was, "We tried to do

3

it with your uncle [Lu], but *then* they cancelled that account." The adverb "then" implies that the money laundering attempt was chronologically prior to the cancellation. Second, Hernandez states that he was trying to *prevent* Credes from laundering the $2 million, because the transcripts show him expressing frustration that Credes did not heed his warnings. However, it seems that the cause of Hernandez's frustration was that Credes' actions (depositing so much money, within a short time, while Bill Lu was away on vacation in Cambodia) made the laundering scheme too easy to detect—not that the scheme was illegal. Third, Hernandez suggests that the plea agreement marks August 25, 2011 as the date of his "first participation in the scheme," whereas the $2 million at issue was deposited in July 2011. But the agreement, on the contrary, states that the scheme began "on a date unknown" and continued to a date "in or around December 2015."

    3. Hernandez also argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors or explain its chosen sentence, as required by § 3553(c). As Hernandez never raised these broad objections at the sentencing hearing, we review them for plain error.[1] *See Valencia-Barragan*, 608 F.3d at 1108. The

---

[1] Hernandez arguably preserved the much narrower objection that the district court failed to explain how its sentence comported with the factor counseling avoidance of "unwarranted sentence disparities," § 3553(a)(6). But applying the abuse of discretion standard to this particular objection, *United States v. Door*, 996 F.3d 606, 622 (9th Cir. 2021), there is still no reversable error. By Hernandez's

district court clearly listened to Hernandez's arguments for a reduced sentence, stated that it reviewed the § 3553(a) factors, and noted the factual considerations (related to at least two of those factors) that it found most salient, including Hernandez's likely history of money laundering, his advanced age, and the threat that Covid-19 would pose to Hernandez in the prison environment. It then imposed a sentence at the lower end of the Guidelines range. This is enough, on plain error review, to conclude that the court satisfied its obligations under § 3553. *See id*.

**AFFIRMED.**

---

counsel's own admission, the district judge listened to his argument. The court simply found it insufficient. Its failure to explain why was not an abuse of discretion. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009).